**UNITED STATES of America, Plaintiff,**

v.

**1,138.15 ACRES OF LAND, MORE OR LESS, situate IN KAY COUNTY, STATE OF OKLAHOMA, and Everett L. Cline, et al., and unknown owners, Defendants.**

No. CIV–75–0991–D.

United States District Court,
W. D. Oklahoma.

July 19, 1977.

John E. Green, Acting U. S. Atty., Oklahoma City, Okl., Frank D. Marden, Trial Atty., U. S. Dept. of Justice, Washington, D. C., Hubert H. Bryant, U. S. Atty., and Hubert A. Marlow, Asst. U. S. Atty., N. D. Okl., Tulsa, Okl., for plaintiff.

Matthew J. Kane and W. Robert Wilson, Pawhuska, Okl., for defendants Donald Allan Oil Co., Benson Oil Co. and Wachtman & Schroeder Drilling Co.

### ORDER

DAUGHERTY, Chief Judge.

The court submitted to the parties its proposed instructions to the Commission herein. There are no objections to these instructions by any party. Defendants, Donald Allan Oil Company, Benson Oil Company and Wachtman & Schroeder Drilling Company have requested two additional instructions for the Commission. These instructions would authorize the Commission in determining fair market value to consider construction costs and expenses *incurred by defendants* who operate and develop said lands under the oil and gas lease under the conditions which have been imposed by plaintiff, and also to consider the cost of plugging the existing wells on said lease. Plaintiff has objected to these instructions as unnecessary.

The court has reviewed these instructions and authorities in support thereof together with the approved instructions. It finds that the requested instructions are not an accurate statement of the applicable law and that the approved instructions fairly and adequately inform the Commission of their duties herein.

The court has a responsibility to instruct the Commissioners as to the manner and method of conducting the hearing, of the right to view the property, the admissibility of evidence, the use of expert witnesses and the weight to be given such testimony, the rules governing evidence as to value of the property, severance damages and the kind of report to be prepared and filed with the court. *United States v. Merz*, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964); *Chandler v. United States*, 372 F.2d 276 (C.A.10 1967). The instructions should fairly enable the Commission to correctly understand the manner in which they are to consider the issues submitted to them. *Wilson v. United States*, 350 F.2d 901 (C.A.10 1965). By these standards the approved instructions are a fair and complete guide to the Commissioners in resolving the issues for their consideration.

In the instructions approved by all parties the court has generally directed the Commission that in the determination of just compensation for the defendants the award must be determined by first ascertaining the fair market value of the whole unit as of the date of taking and then subtracting from that amount the fair market value of the whole unit with the flow-

age easement imposed thereon. The instructions suggested by defendants seek to inject into the fair market value concept elements borrowed from other standards or means of determining just compensation when fair market value has been found not to be the best measure of value. Their reliance upon *Iowa-Wisconsin Bridge Co. v. United States*, 84 F.Supp. 852, 114 Ct.Cl. 464 (1949) is misplaced. In that case the court had for consideration the issue of just compensation arising from a servitude placed upon bridges by operation of a government dam project. There it was conceded that the market value standard which is the usual and ordinary measure of loss could not be applied in the circumstances of that case. That, however, is not this case. Here the parties, through the approval of the court's instructions, have conceded the fair market value is applicable. This, of course, is the well-settled general rule. *United States v. 45,131.44 Acres of Land, etc., Colorado*, 483 F.2d 569 (C.A.10 1973). Those unusual facts and circumstances in which a substitution of another method of determining just compensation will afford a better method of making the owner whole than will the use of market value, are not here present. Cf. *United States v. 20.53 Acres of Land in Osborne County, Kan.*, 478 F.2d 484 (C.A.10 1973). The defendants have not contended otherwise. It would be erroneous and confusing to superimpose upon the market value standard considerations appropriate only if the market value measure of loss is not applicable.

■ The court in the approved instructions has defined fair market value and directed the Commission to "consider and take into account anything which might be brought forward and reasonably be given substantial weight" in the negotiations between a willing seller and a willing purchaser. It would be inappropriate for the Commission to consider those expenses and costs which defendants might themselves suffer or incur in the future. Considerations that may not reasonably be held to affect fair market value must be excluded. *United States v. Sowards*, 370 F.2d 87 (C.A.10 1966). Nevertheless, the Commis-

sion may find that there could reasonably be anticipated increased costs of producing and operating the lease which were not speculative or too remote and which would have been considered by a willing purchaser and, if so, then under the instructions the Commission is authorized to take into account the influence upon fair market value, if any, that these considerations were exerting at the time of taking. See *Potts v. United States*, 126 F.Supp. 170, 130 Ct.Cl. 88 (1954).

Accordingly, the court declines to give the additional instructions requested by said defendants.

IT IS SO ORDERED.